BOSTON DUCK TOURS, LP, Plaintiff,

v.

SUPER DUCK TOURS, LLC, Discover Boston Multi–Lingual Tours, Inc., Defendants.

Civil Action No. 07–11222–NMG.

United States District Court, D. Massachusetts.

Dec. 5, 2007.

Joshua M. Dalton, Victor H. Polk, Jr., Lawrence T. Stanley, Jr., Bingham McCutchen LLP, Boston, MA, for Super Duck Tours, LLC.

Christopher D. Engebretson, Thomas E. Kenney, Robert R. Pierce, Pierce & Mandell, PC, Boston, MA, Julia Huston, Peter J. Karol, Courtney M. Quish, Kerry L. Timbers, Bromberg & Sunstein, LLP, Boston, MA, for Boston Duck Tours, LP.

Jonathan S. Sales, Law Office of Jonathan S. Sales, Boston, MA, for Discover Boston Multi–Lingual Trolley Tours, Inc.

## MEMORANDUM & ORDER

GORTON, District Judge.

The underlying case involves allegations of trademark infringement and tortious in-

terference with advantageous business relationships. In a Memorandum and Order entered July 13, 2007, this Court granted a motion of the plaintiff, for a preliminary injunction. Now before the Court is a motion of the defendant to determine compliance with that preliminary injunction.

## I. *Background*

The preliminary injunction entered by this Court on July 13, 2007 bars the defendant, Super Duck Excursions ("Super Duck") from using the phrase "duck tours" as a trademark or service mark in connection with its sightseeing tour service in the greater Boston area. At issue in the present motion is the defendant's continued purchase of so-called "sponsored links" attached to the phrase "boston duck tours" on the search-engine website google.com. Such a purchase amounts to the acquisition of advertising space alongside the results of a Google search for the plaintiff's Boston Duck Tours ("Boston Duck") trademark and raises two related questions: 1) Does sponsored advertising linked to the plaintiff's mark violate the Lanham Act or other trademark law? and 2) Aside from the trademark question, is such a purchase prohibited by the preliminary injunction in force in this case?

## II. *Lanham Act Question*

### A. **Legal Standard**

In order to prevail on a Lanham Act claim, a plaintiff must prove, at a minimum, that the defendant has 1) used the plaintiff's trademark 2) in a way that is likely to result in confusion in the marketplace. 15 U.S.C. § 1125. In the first instance, only the threshold element of "use" is at issue because apparently there is some legitimate confusion among the parties as to what conduct is barred by the preliminary injunction's prohibition of use as a trademark of the phrase "duck tours".

The Lanham Act states that "a mark shall be deemed to be in use in commerce . . . (2) on services when it is used or displayed in the sale or advertising of services". 15 U.S.C. § 1127. Thus, any use "in the advertising of services" is deemed to be "use" for purposes of determining liability. The question is whether sponsored linking, in which the mark functions as a trigger for the defendant's advertisement, constitutes use in advertising.

### B. **Cases Discussing Sponsored Linking**

■ The question of whether purchasing a sponsored link associated with a plaintiff's trademark constitutes Lanham Act trademark use has not been addressed in this circuit. Courts elsewhere have split on the issue. In the Southern and Eastern Districts of New York, purchasing sponsored links has been found not to be Lanham Act use. *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F.Supp.2d 402 (S.D.N.Y.2006) (dismissing trademark-violation claim based on sponsored linking); *Site Pro–1, Inc. v. Better Metal, LLC,* 506 F.Supp.2d 123 (E.D.N.Y. 2007) (same); *FragranceNet.com, Inc. v. FragranceX.com, Inc.,* 493 F.Supp.2d 545 (E.D.N.Y.2007) (denying as futile plaintiff's motion for leave to amend complaint to include a count alleging trademark infringement by sponsored linking).

Those decisions are consistent with the holding of the Second Circuit Court of Appeals that other forms of internal use of a trademark in website operation are not "use" in that sense. *1–800 Contacts, Inc. v. WhenU.Com, Inc.,* 414 F.3d 400 (2d Cir.2005) (reversing trial court's grant of a preliminary injunction against use of plaintiff's mark to trigger pop-up advertising). The reasoning emphasizes the fact that the use of the trademark is entirely internal: the customer sees only the defendant's

advertisement, which makes no mention or other use of the trademarked phrase. That "internal utilization", the Second Circuit concludes, "is analogous to an individual's private thoughts about a trademark." 414 F.3d at 409.

The Eastern District of Pennsylvania, the District of New Jersey and the Eastern District of Virginia, however, have found to the contrary. *J.G. Wentworth, S.S.C. Ltd. P'ship v. Settlement Funding LLC,* 2007 WL 30115 (E.D.Pa.2007) (finding trademark use in sponsored linking but allowing defendant's motion to dismiss on other grounds); *Buying for the Home, LLC v. Humble Abode, LLC,* 459 F.Supp.2d 310 (D.N.J.2006) (denying defendant's motion for summary judgment on plaintiff's trademark infringement claim based on sponsored linking); *Gov't Employees Ins. Co. v. Google, Inc.,* 330 F.Supp.2d 700 (E.D.Va.2004) (same). The Ninth and Tenth Circuit Courts of Appeals have also held, contrary to the Second Circuit, that similar internal uses of a plaintiff's mark are "use" under the Lanham Act. *Playboy Enters., Inc. v. Netscape Commc'ns Corp.,* 354 F.3d 1020 (9th Cir. 2004) (reversing trial court's allowance of summary judgment in favor of defendant who allegedly used plaintiff's mark to trigger pop-up advertisements); *Australian Gold Inc. v. Hatfield,* 436 F.3d 1228 (10th Cir.2006) (same). The reasoning applied in those cases is that "the mark was used to provide a computer user with direct access (i.e. a link) to defendant's website." *Buying for the Home,* 459 F.Supp.2d at 323.

In short, the emerging view outside of the Second Circuit is in accord with the plain language of the statute. Because sponsored linking necessarily entails the "use" of the plaintiff's mark as part of a mechanism of advertising, it is "use" for Lanham Act purposes. That does not re-solve our inquiry, however. The questions before this Court are not "Is sponsored linking considered use under the Lanham Act?" or even "Does sponsored linking constitute trademark violation?" The question is, rather, "Does sponsored linking violate the injunction in force in this case?"

## III. *Application of This Injunction*

### A. The Meaning of "Use as a Trademark"

The injunction in force in this case prohibits "use as a trademark", a phrase which, in context, is susceptible of three interpretations:

1) it enjoins only future infringements;

2) it enjoins all use, whether lawful or not; or

3) it enjoins some but not all non-infringing use and the determination of what otherwise-lawful conduct violates the injunction must be determined on a case-by-case basis.

Interpretation 2, while simple and arguably derived from the language of the injunction, goes too far. The plaintiff urges this interpretation upon the Court by arguing that the so-called "safe distance" rule applies because this Court has found the defendant to be a demonstrated infringer, thereby permitting the Court to order the defendant to desist even from conduct that would otherwise be lawful. *Toy Mfrs. Of Am. v. Helmsley–Spear, Inc.,* 960 F.Supp. 673 (S.D.N.Y.1997). Although such a broad prohibition would be within this Court's authority, that is not the effect of the injunction entered in this case. The consequence of so broad a reading would be to prohibit Super Duck from engaging in fair competition with Boston Duck by imposing a gag rule under which it would be barred even from mentioning the market leader in its advertisements.

Other conduct engaged in by Super Duck but unchallenged by Boston Duck is instructive. At the bottom of Super Duck's web page appears the disclaimer, in large, orange text, "Not to be confused with Boston Duck Tours." Because the web page is a vehicle for advertising and ticket sales, that disclaimer also appears to fit the broadest reading of the term "use" and therefore to violate the broadest interpretation of the injunction. Such an effort to distinguish itself from the plaintiff is not, however, the kind of conduct that this Court intended to enjoin. It is clear that not all literal "uses" in advertising are violations of the injunction and thus Interpretation 2 is inapt.

Interpretation 3 would emasculate the injunction and provide no guidance to the parties with respect to enforcement. It must therefore be rejected as well.

That leaves Interpretation 1, the enjoining of the defendant from any future infringement of the plaintiff's mark. The thrust of the preliminary injunction was to compel the defendant to adopt a new, nonconfusing trademark in place of "Super Duck Tours." The ruling that the phrase "duck tours" cannot be used by the defendant was intended to instruct it regarding the choice of an acceptable new mark. It did not prohibit all secondary uses of the plaintiff's mark such as that implicated by a sponsored link.

### B. Sponsored Linking

■ In order to prove a violation of the Lanham Act, a plaintiff must prove not only that it owns a protectable mark and that the defendant has made use of it but also that such use is likely to result in consumer confusion. 15 U.S.C. § 1125; *De Costa v. Viacom Int'l, Inc.*, 981 F.2d 602 (1st Cir.1992). Although a finding of consumer confusion ordinarily requires an examination of at least eight related factors, *see Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 120 (1st Cir.2006)(citing *Astra Pharm. Prods., Inc. v. Beckman Instruments, Inc.*, 718 F.2d 1201, 1205 (1st Cir.1983)), those factors are tailored to the evaluation of an allegedly-infringing mark. At issue in the present motion is not the defendant's mark but a particular use of the plaintiff's mark and the likelihood that such use will result in consumer confusion.

■ In light of the fact that the defendant has, pursuant to this Court's injunction, adopted a new trademark ("Super Duck Excursions" in place of "Super Duck Tours"), and in light of the fact that the content of the advertisement at issue serves to distinguish the defendant from the plaintiff, this Court finds that consumer confusion is likely diminished rather than increased. This Court views such advertisement as an effort by Super Duck to distinguish itself from Boston Duck Tours, which is fair, albeit aggressive, competition not prohibited by the Lanham Act. Accordingly, the sponsored links at issue in this motion do not violate the preliminary injunction currently in force.

### ORDER

In accordance with the foregoing, the defendant's motion for clarification of the preliminary injunction (Docket No. 29) is **ALLOWED.**

**So ordered.**